# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-29-D |
| ) | |
| KEN EJIMOFOR EZEAH and ) | |
| AKUNNA BAIYINA EJIOFOR, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Akunna Ejiofor's Motion to Sever Parties [Doc. No. 69], to which the government has filed its response in opposition [Doc. No. 77]. The matter is fully briefed and at issue.

## BACKGROUND

The government alleges a scheme by Defendant and her co-defendant, Ken Ezeah, to commit identify theft and wire fraud. According to the indictment, Defendants set up various online dating profiles using false information. Defendants then formed online relationships with several women and persuaded them to wire money by promising to manage their money and investments. During the alleged scheme, Defendant and Ezeah were dating. Defendant requests trial severance on the grounds she would be prejudiced by: (1) statements made by

Ezeah and/or statements attributed to him; (2) conflicting defenses; and (3) "spillover effect" of the accumulation and presentation of evidence against Ezeah.

## DISCUSSION

Under Rule 8(b) of the Federal Rules of Criminal Procedure, a single indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, under Rule 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The Tenth Circuit adheres to the general rule that "persons who are indicted together should be tried together." *United States v. Green*, 115 F.3d 1479, 1487 (10th Cir. 1997) (citations omitted); *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Joint trials 'play a vital role in the criminal justice system.' ... They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (citations omitted). Moreover, there is a presumption "in a conspiracy trial that coconspirators charged together be tried together." *United States v. Wardell*, 591 F.2d 1279, 1299 (10th Cir. 2009) (citing *United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005)). Because severance

2

is a matter of discretion vested with the Court, a defendant wishing to obtain severance bears a "heavy burden" of showing that "real prejudice" will result from failure to sever the trials. *Wardell*, 591 F.3d at 1299 (citing *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (further citations omitted)).

"Prejudice occurs when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (citations omitted). "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial ... nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the codefendant than that against the moving party is sufficient to warrant severance." *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986) (citations omitted)).

Defendant argues that prior statements made by Ezeah indicate conflicting defenses. Specifically, she cites recorded conversations in which Ezeah, in response to Defendant's interview with law enforcement, purportedly accuses Defendant of being desperate and trying to get out of the case, says law enforcement should have looked at Defendant's background more closely before believing her, and states Defendant was going to do time. Defendant also raises Ezeah's alleged willingness to cooperate with law enforcement as grounds for severance. In *Zafiro*, cited above, the Supreme Court noted that "[m]utually

3

antagonistic defenses are not prejudicial per se. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39 (citation omitted).

The Court finds Defendant's motion on this issue should be denied. Defendant has not shown a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Defendant does not precisely state what defenses are at issue; rather, her motion is based on speculation and "information and belief." Notwithstanding this omission, the Tenth Circuit has noted one defendant's attempt to cast blame on another is not, in itself, sufficient to require separate trials. *See United States v. McClure*, 734 F.2d 484, 488 (10th Cir. 1984). Moreover, to the extent a joint trial may lead to some confusion as Defendant contends, it is something that can be addressed through a limiting instruction, and "juries are presumed to follow their instructions." *Zafiro*, 506 U.S. at 939 (citation omitted). Accordingly, the Court finds severance is not warranted on this basis.[1]

Likewise, the Court finds Defendant's argument regarding spillover evidence is also without merit. As stated above, a mere complaint of the "spillover

---

[1] In this regard, Defendant's motion as it relates to a *Bruton* issue is denied without prejudice. Should the government intend to introduce any such statements, it is directed to file a notice to the Court that the intended evidence may raise an issue under *Bruton*.

effect" does not justify a severance. The relevant inquiry is whether the jury can compartmentalize the evidence presented at trial. *United States v. Hines*, 696 F.2d 722, 732 (10th Cir. 1982). Other than her speculation of what prejudice the evidence against Ezeah may have against her, Defendant has not shown a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *Hack*, 782 F.2d at 870-71.

## CONCLUSION

Defendant's Motion to Sever [Doc. No. 69] is **DENIED** as set forth herein..

IT IS SO ORDERED this 6th day of December, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE