# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-16-29-D |
| AKUNNA BAIYINA EJIOFOR, | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed motions in limine to exclude the following evidence: (1) certain text conversations taken on the "WhatsApp" Messenger; (2) photographs of debit/credit cards found at Defendant's residence and InComm records that relate to said photographs; (3) photographs of a gun found at Defendant's residence; (4) personal photographs allegedly of Defendant found on WhatsApp; (5) Defendant Ken Ezeah's plea agreement; and (6) the search warrant of Defendant's home [Doc. Nos. 153-159].[1] The government has submitted its omnibus response in opposition [Doc. No. 164]. The matter is fully briefed and at issue.

---

[1] Defendant's first motion in limine was filed twice [Doc. Nos. 153, 154], the second submission containing exhibits that were, presumably, inadvertently omitted from the first filing.

## DISCUSSION[2]

Although motions in limine are not formally recognized under the Federal Rules of Civil Procedure, courts have long recognized their utility under the courts' inherent power to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' ... and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred

---

[2] The facts of this case have been detailed in previous orders and will not be restated here, except where necessary to resolve the present motions.

until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). Lastly, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones*, 59 F.3d at 146 (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. … [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## I. WHATSAPP MESSENGER

WhatsApp is a program that allows users to send and receive text, picture, audio, and video messages over an internet connection rather than through a phone carrier's network. As part of its case in chief, the government intends to introduce several text conversations conducted on WhatsApp between Defendant and her alleged co-conspirator, Ken Ezeah, that were extracted from Mr. Ezeah's phone. Defendant contends such evidence should be excluded because a plain reading of the messages shows that many are either missing and/or tampered with, rendering them unauthentic and fundamentally unreliable. Alternatively, Defendant contends that WhatsApp's hacking vulnerabilities render the application unreliable and the text messages constitute inadmissible hearsay.

Defendant's objection that the text messages have been compromised and/or altered is made without any persuasive evidence and is overruled. The Court, however, reserves its ruling on the remainder of Defendant's objections. The government may be allowed to offer the text messages so long as they are relevant, the proper foundation and authentication are laid, and the messages do not constitute inadmissible hearsay.[3] Ruling on this issue is therefore deferred until the trial record is more fully developed.

## II. PHOTOGRAPHS OF DEBIT AND CREDIT CARDS AND ACCOMPANYING RECORDS

During the search of Defendant's home, agents found numerous debit and credit cards. The agents photographed some of the cards as they were found, others were arranged and then photographed. Records were subsequently obtained from the cards' provider, InComm, which showed a large number of transactions relevant to the instant case. Defendant seeks to exclude this evidence on the grounds that (1) the photographs violate the "best evidence rule" and (2) such evidence is irrelevant and unfairly prejudicial because the government cannot prove Defendant was either an authorized user or otherwise connected to the cards. Defendant also seeks to exclude evidence of other photographs that allegedly depict immaterial items.

---

[3] Whether the messages are hearsay will also be addressed in the Court's written order regarding the recent *James* hearing.

Defendant's objection that the photographs do not constitute the best evidence is overruled. "The 'best evidence' rule as it is generally applied does not relate to situations such as this, but is ordinarily limited to cases or situations where the question relates to the contents of written documents." *Chandler v. United States*, 318 F.2d 356, 357 (10th Cir. 1963) (citations omitted). Defendant's remaining objections (i.e., that she cannot be directly connected to the cards or the InComm records) go to the weight of such evidence rather than admissibility, and are thus overruled as well. Defendant's request for the wholesale exclusion of photographs that contain irrelevant material is not only overruled for its sheer overbreadth, but also because Defendant has not carried her burden of showing that probative value is substantially outweighed by a danger of unfair prejudice or any of the other enumerated grounds in Fed. R. Evid. 403.

### III. PHOTOGRAPHS OF GUN

Defendant next seeks to exclude photographs of a gun found at her home. The government has no objection to the relief requested, and Defendant's motion on this issue is therefore granted.

### IV. PERSONAL PHOTOGRAPHS

The text messages between Defendant and Ezeah the government intends to introduce at trial include partially nude photographs of Defendant. Defendant objects to the introduction of these photographs on the grounds that (1) they are irrelevant

5

and (2) Defendant cannot be identified, so any admission would be unfairly prejudicial. Defendant's first objection is overruled. Communications of an explicit nature between Defendant and Mr. Ezeah are relevant to the nature of the relationship between Defendant and Mr. Ezeah, and, thus, the government's charge of conspiracy. Moreover, Defendant has not carried her burden of showing that the probative value of the photographs is substantially outweighed by a danger of unfair prejudice or any of the other enumerated grounds in Rule 403.

V. EZEAH'S PLEA AGREEMENT

On February 1, 2017, Mr. Ezeah pled guilty to Count One of the Superseding Indictment charging him with the offense of conspiracy to commit wire fraud. He currently awaits sentencing. Defendant seeks to preclude admission of Defendant Ezeah's plea agreement on the grounds (1) it constitutes "vouching" by the government for Mr. Ezeah's truthfulness, (2) any probative value is outweighed by the dangers of unfair prejudice; (3) the agreement is hearsay; and (4) the plea agreement is not the entire agreement between Mr. Ezeah and the government. Upon consideration of the issue, the Court finds that Mr. Ezeah's plea agreement is admissible. *See United States v. Harlow*, 444 F.3d 1255, 1262 (10th Cir. 2006) ("[I]t is perfectly permissible for a prosecutor to introduce a witness's plea agreement on direct examination, even if it includes a truthfulness provision[.]") (citing *United States v. Magallanez,* 408 F.3d 672, 680 (10th Cir. 2005); *United States v. Lord*, 907

F.2d 1028, 1031 (10th Cir.1990); *United States v. Bowie*, 892 F.2d 1494, 1498-99 (10th Cir. 1990)). "A prosecutor may also discuss the truthfulness provision and make sure the witness is aware of the consequences of failing to tell the truth." *Harlow*, 444 F.3d at 1262. Of course, a prosecutor may not personally vouch for the credibility of a witness; on this issue, the Tenth Circuit has drawn the line between permissible emphasis on a truthfulness provision of a witness' plea agreement and improper vouching as follows:

> Argument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony. Presenting evidence on a witness' obligation to testify truthfully pursuant to an agreement with the government and arguing that this gives the witness a strong motivation to tell the truth is not, by itself, improper vouching. Use of the "truthfulness" portions of these agreements becomes impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony.

*Bowie*, 892 F.2d at 1498 (internal citations omitted). Here, the government recognizes its obligation to utilize Mr. Ezeah's plea agreement in a proper manner at trial. Accordingly, Defendant's "vouching" argument is overruled at this time, as well as her objection that any probative value is outweighed by the dangers of unfair prejudice. The Court also overrules Defendant's objection that the plea agreement constitutes inadmissible hearsay. The Tenth Circuit has consistently recognized a plea agreement is contractual in nature and carries its own legal significance. *See,*

*e.g.*, *United States v. Cudjoe*, 534 F.3d 1349, 1353 (10th Cir. 2008); *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004); *United States v. Thompson*, 814 F.2d 1472, 1479 (10th Cir. 1987).[4] Courts have also admitted plea agreements under the residual exception to the hearsay rule, found at Fed. R. Evid. 807. *See, e.g., In re Slatkin*, 525 F.3d 805, 812 (9th Cir. 2008); *Hancock v. Dodson*, 958 F.2d 1367, 1372 (6th Cir. 1992); *United States v. Various Coins*, No. 3:11-cv-387, 2013 WL 1183312, at *6 (D. Or. Mar. 21, 2013) ("I note that plea agreements are admissible under the residual exception to the hearsay rule.") (citation omitted).[5]

## VI. SEARCH WARRANT

Lastly, Defendant seeks to exclude presentation of the search warrant of her home. The government has stipulated that such testimony can be elicited through an agent, and, assuming no objection by Defendant, will agree to establish the fact that agents possessed a warrant to search her home via oral testimony alone. Ruling on this issue is therefore reserved until trial.

---

[4] The government agrees that if the plea agreement is admitted, the entire agreement, including the plea supplement, should be included.

[5] Rule 807 states: "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804 [if]: (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice."

## CONCLUSION

In sum, and subject to the requirements of the Federal Rules of Evidence and subsequent developments, the Court's rulings are as follows:

1. WhatsApp Text Conversations – To be determined at trial;

2. Debit/Credit Card Photographs and InComm Records - Admissible;

3. Photographs of Gun – Inadmissible;

4. Personal Photographs of Defendant – Admissible;

5. Defendant Ken Ezeah's Plea Agreement – Admissible; and

6. Search Warrant of Defendant's Home – To be determined at trial.

**IT IS THEREFORE ORDERED** that a ruling on Defendant's First and Sixth Motions in Limine [Doc. Nos. 153, 154, 159] is **RESERVED** until trial. Defendant's Second, Fourth, and Fifth Motions in Limine [Doc. No. 155, 157, 158] are **DENIED** as set forth herein. Defendant's Third Motion in Limine [Doc. No. 156] is **GRANTED** as set forth herein. With respect to any reserved ruling, the Court cautions counsel to approach the bench and seek a ruling before eliciting any challenged evidence or testimony.

**IT IS SO ORDERED** this 24th day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE